UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

YVES ETIENNE,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. FELIX SCHMIDT, and
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                      Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

07 Civ. 3361 (LAK)

**JURY TRIAL DEMANDED**

Plaintiff YVES ETIENNE, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff YVES ETIENNE is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. FELIX SCHMIDT and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On September 27, 2006, at approximately 1:15 a.m., plaintiff YVES ETIENNE was lawfully present at the corner of Ninth Avenue and W. 23rd Street, in the County, City, and State of New York.

14. At aforesaid time and place, plaintiff YVES ETIENNE was suddenly accosted by members of the New York City Police Department.

15. Defendants repeatedly punched plaintiff YVES ETIENNE in the head and torso, put him in an illegal headlock, beat him with hard objects, threw him against his car, kicked him, and stomped his head into the ground.

16. As a result of this unprovoked assault, plaintiff YVES ETIENNE sustained, *inter alia*, injuries to his face, torso and ankle.

17. Defendants handcuffed plaintiff YVES ETIENNE extremely tightly.

18. As a result of being handcuffed too tightly, plaintiff YVES ETIENNE experienced and continues to experience numbness and tingling in his hands.

19. Defendants tore up the interior of plaintiff YVES ETIENNE's vehicle, including ripping out one of the seats.

20. Defendants placed plaintiff YVES ETIENNE under arrest, despite defendants' knowledge that they lacked probable cause to do so.

21. Plaintiff YVES ETIENNE was then transported to the 10th Precinct of the New York City Police Department, in Manhattan, New York, where he was detained and held in police custody.

22. From the precinct, plaintiff YVES ETIENNE was transported to Bellevue Hospital for treatment of the injuries he sustained during the assault by members of the New York City Police Department.

23. Following his treatment at Bellevue Hospital, plaintiff YVES ETIENNE was transported back to the 10th Precinct and from there to Manhattan Central Booking.

24. Plaintiff YVES ETIENNE was held and detained in police custody for approximately twenty-four hours.

25. On or about March 8, 2007, plaintiff YVES ETIENNE accepted an Adjournment in Contemplation of Dismissal.

26. As a result of the foregoing, plaintiff YVES ETIENNE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff YVES ETIENNE of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

31.	The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32.	Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33.	Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.	As a result of the aforesaid conduct by defendants, plaintiff YVES ETIENNE was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

35.	As a result of the foregoing, plaintiff YVES ETIENNE's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

36.	Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.	Defendants issued legal process to place plaintiff YVES ETIENNE under arrest.

38.	Defendants arrested plaintiff YVES ETIENNE in order to obtain a collateral

objective outside the legitimate ends of the legal process.

39. Defendants acted with intent to do harm to plaintiff YVES ETIENNE without excuse or justification.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff YVES ETIENNE's constitutional rights.

42. As a result of the aforementioned conduct of defendants, plaintiff YVES ETIENNE was subjected to excessive force and sustained physical injuries.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, using excessive force on minority males while taking them into custody and arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

46. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Rafael Santana v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 2411;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Luis Rodriguez v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 1209;

- **Anwaar Muhammad City of New York,** United States District Court, Eastern District of New York, 04 CV 1044.

47. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff YVES ETIENNE.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff YVES ETIENNE as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff YVES ETIENNE as alleged herein.

51.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff YVES ETIENNE was unlawfully assaulted, arrested, and incarcerated.

52.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff YVES ETIENNE's constitutional rights.

53.     All of the foregoing acts by defendants deprived plaintiff YVES ETIENNE of federally protected rights, including, but not limited to, the right:

   A.   Not to be deprived of liberty without due process of law;

   B.   To be free from seizure and arrest not based upon probable cause;

   C.   Not to have excessive force imposed upon him;

   D.   To be free from malicious abuse of process;

   E.   Not to have cruel and unusual punishment imposed upon him; and

   F.   To receive equal protection under the law.

54.     As a result of the foregoing, plaintiff YVES ETIENNE is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

## PENDANT STATE CLAIMS

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     On or about December 4, 2006, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

57. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58. The City of New York failed to schedule a hearing pursuant to General Municipal Law § 50-h and such hearing is accordingly deemed waived.

59. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

60. Plaintiff has complied with all conditions precedent to maintaining the instant action.

61. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendant police officers arrested plaintiff YVES ETIENNE in the absence of probable cause and without a warrant.

64. As a result of the aforesaid conduct by defendants, plaintiff YVES ETIENNE was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants in criminal proceedings.

65. The aforesaid actions by the defendants constituted a deprivation of plaintiff YVES ETIENNE's rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. As a result of the foregoing, plaintiff YVES ETIENNE was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

68. Plaintiff YVES ETIENNE was conscious of said confinement and did not consent to same.

69. The confinement of plaintiff YVES ETIENNE was without probable cause and was not otherwise privileged.

70. As a result of the aforementioned conduct, plaintiff YVES ETIENNE has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants' aforementioned actions placed plaintiff YVES ETIENNE in apprehension of imminent harmful and offensive bodily contact.

73. As a result of defendants' conduct, plaintiff YVES ETIENNE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

75.   Defendant police officers touched plaintiff YVES ETIENNE in a harmful and offensive manner.

76.   Defendant police officers did so without privilege or consent from plaintiff YVES ETIENNE.

77.   As a result of defendants' conduct, plaintiff YVES ETIENNE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

78.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.   Defendant police officers issued legal process to place plaintiff YVES ETIENNE under arrest.

80.   Defendant police officers arrested plaintiff YVES ETIENNE to obtain a collateral objective outside the legitimate ends of the legal process.

81.   Defendant police officers acted with intent to do harm to plaintiff YVES ETIENNE, without excuse or justification.

82.   As a result of the aforementioned conduct, plaintiff YVES ETIENNE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

85. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

86. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

87. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff YVES ETIENNE.

88. As a result of the aforementioned conduct, plaintiff YVES ETIENNE suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff YVES ETIENNE.

91. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. FELIX SCHMIDT and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff YVES ETIENNE.

94.     As a result of the foregoing, plaintiff YVES ETIENNE is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff YVES ETIENNE demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
            April 25, 2007

                                              _____/s_____
                                              ROSE M. WEBER (RW 0515)
                                              225 Broadway, Suite 1608
                                              New York, NY 10007
                                              (212) 748-3355