UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YVES ETIENNE,

                                          Plaintiff,

                  -against-

THE CITY OF NEW YORK, P.O. FELIX SCHMIDT, and
P.O.s JOHN and JANE DOE # 1-10, Individually and in
their Official Capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                          Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

07 Civ. 3361 (LAK)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendant City of New York,[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] According to the docket sheet, the individual named in the caption as P.O. Felix Schmidt has not yet been served with process.

5. Paragraph "5" sets forth a demand for jury trial, rather than an averment of fact, and accordingly no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. The allegations set forth in paragraph "8" of the complaint constitute legal conclusions to which no response is required, except admits that the City of New York maintains a Police Department and respectfully refers the Court to the New York City Charter and the Administrative Code for the duties and functions of the New York City Police Department.

9. The allegations set forth in paragraph "9" of the complaint constitute legal conclusions to which no response is required, except admits that Felix Schmidt is a New York City Police Officer.

10. The allegations set forth in paragraph "10" of the complaint constitute legal conclusions to which no response is required.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that on September 27, 2006 Yves Etienne was present at or about Ninth Avenue and West 23rd Street, New York, New York.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Admits the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges paragraphs "1" through "26" of this answer as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint, except admits that plaintiff was placed under arrest.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges paragraphs "1" through "42" of this answer as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint and all of its subparts.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint, and its subparts.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendant repeats and realleges paragraphs "1" through "54" of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the complaint, except admits that a document purporting to be a notice of claim was received by the City of New York on or about December 4, 2006.

57. Denies the allegations set forth in paragraph "57" of the complaint, except admits that a document purporting to be a notice of claim was received by the City of New York on or about December 4, 2006.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint, except admits that plaintiff commenced this action on or about April 27, 2007.

60. The allegations set forth in paragraph "60" of the complaint constitute legal conclusions to which no response is required.

61. The allegations set forth in paragraph "61" of the complaint constitute legal conclusions to which no response is required.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendant repeats and realleges paragraphs "1" through "61" of this answer as if fully set forth herein.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and realleges paragraphs "1" through "65" of this answer as if fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendant repeats and realleges paragraphs "1" through "70" of this answer as if fully set forth herein.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendant repeats and realleges paragraphs "1" through "73" of this answer as if fully set forth herein.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendant repeats and realleges paragraphs "1" through "77" of this answer as if fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. Denies the allegations set forth in paragraph "81" of the complaint.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. In response to the allegations set forth in paragraph "83" of the complaint, defendant repeats and realleges paragraphs "1" through "82" of this answer as if fully set forth herein.

84. Denies the allegations set forth in paragraph "84" of the complaint

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. Denies the allegations set forth in paragraph "87" of the complaint.

88. Denies the allegations set forth in paragraph "88" of the complaint.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendant repeats and realleges paragraphs "1" through "88" of this answer as if fully set forth herein.

90. Denies the allegations set forth in paragraph "90" of the complaint.

91. Denies the allegations set forth in paragraph "91" of the complaint.

92. In response to the allegations set forth in paragraph "92" of the complaint, defendant repeats and realleges paragraphs "1" through "91" of this answer as if fully set forth herein.

93. Denies the allegations set forth in paragraph "93" of the complaint.

94. Denies the allegations set forth in paragraph "94" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

95. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

96. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

97. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

98. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

100. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

101. To the extent applicable, there was probable cause for plaintiff's arrest.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

102. To the extent applicable, there was reasonable suspicion for plaintiff's detentions and/or arrests.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

103. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

104. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 5, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                         City of New York
                        Attorney for Defendant City of New York
                        100 Church Street
                        New York, New York 10007
                        (212) 788-8084

                  By: _____/s/ David M. Hazan_____
                           David M. Hazan (DH-8611)
                           Assistant Corporation Counsel
                           Special Federal Litigation Division

To:   **Via ECF and First Class Mail**
      Rose M. Weber, Esq.
      225 Broadway, Suite 1608
      New York, NY 10007

Docket No. 07 Civ. 3361 (LAK)

| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
|---|
| YVES ETIENNE,<br><br>                                                                Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, P.O. FELIX SCHMIDT, and P.O.s JOHN and JANE DOE # 1-10, Individually and in their Official Capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                                                Defendants. |
| **ANSWER ON BEHALF OF DEFENDANT CITY OF NEW YORK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: David M. Hazan*<br>*Tel: (212) 788-8084*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.* ........................................,2007<br><br>................................................................ *Esq.*<br><br>*Attorney for* ....................................................... |

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, David Hazan, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on July 5, 2007, I served the annexed Answer of Defendant City of New York, by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

>Rose M. Weber, Esq.
>225 Broadway, Suite 1608
>New York, NY 10007

Dated: New York, New York
      July 5, 2007

                                            _/s/ David M. Hazan_
                                            David M. Hazan
                                            Assistant Corporation Counsel
                                            Special Federal Litigation Division